**In the Matter of Claudia M. BAXTER aka Claudia M. Murph, Debtor.**

**D. DAVIS FURNITURE COMPANY, Plaintiff,**

v.

**Claudia M. BAXTER, Defendant.**

**Bankruptcy No. 1–81–2458.
Adv. No. 1–81–361.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 24, 1982.

C. Gregory Schmidt, Cincinnati, Ohio, for plaintiff.

John A. Rebel, Cincinnati, Ohio, for defendant.

## ORDER DENYING PLAINTIFF'S COMPLAINT FOR RECLAMATION

LEONARD C. GARTNER, Bankruptcy Judge.

On November 16, 1981, plaintiff, D. Davis Furniture Company, a creditor herein, filed a complaint for reclamation to which the Defendant-Debtor filed her answer and motion to dismiss. On December 11, 1981 plaintiff filed a motion to strike and memorandum in opposition to debtor's motion to dismiss to which debtor filed her response.

The issue presented at the hearing concerns the interpretation of § 1317.13 of the O.R.C. which reads as follows:

"§ 1317.13 [Time balance]

Notwithstanding the provisions of section 1309.46 of the Revised Code or any agreement by the parties to a consumer transaction to the contrary, a secured party whose security interest is taken pursuant to section 1317.071 [1317.07.1] of the Revised Code, shall not be entitled to take possession of the collateral, except for collateral that is a motor vehicle as defined in section 4501.01 of the Revised Code, or a mobile home, upon default by the debtor if the time balance at the time of the default is less than twenty-five per cent of the sum of the time balance on the day such retail installment contract was executed and the down payment recited in such contract".

 As of the date of the filing of debtor's petition, she owed creditor less than twenty-five per cent of the deferred payment price listed on the contract at the time of its execution between the parties. Creditor claims that despite such fact, § 1317.13 O.R.C. does not apply in bankruptcy, that the Bankruptcy Code supersedes the Ohio Statutes and the only relief the debtor has is reaffirmation or redemption under the Bankruptcy Code. This Court disagrees.

In determining the existence and enforceability of security interests, state law controls. See *1 Collier Bankruptcy Manual*, 3rd Ed. § 101.37 (1981). Herein, the security interest of the creditor is not being declared void, but creditor's remedy is being limited. Bankruptcy does not remove that limitation.

Therefore, the Court denies creditor, D. Davis Furniture Company's complaint for reclamation.

SO ORDERED.